# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH LEE ERICKSON,<br><br>　　　　　Plaintiff,<br>vs.<br><br>M/V CF 6290 TJ, a barge; STANLEY J. KOTT, an individual dba KOTT CONSTRUCTION, and DOES 1 through 10,<br><br>　　　　　Defendants. | CASE NO. 07CV2266-LAB (CAB)<br><br>**ORDER GRANTING MOTION TO PROCEED** *IN FORMA PAUPERIS*<br><br>[Dkt No. 2] |

Plaintiff Kenneth Lee Erickson ("Erickson"), a non-prisoner proceeding *pro se*, has filed a verified Complaint alleging violations of the Seaman's Wage Act and the Long Shore and Harbor Workers Act for failure to pay him for work he performed in June 2007 associated with moving a barge. He names as defendants the vessel *in rem* and the individual he alleges employed him to perform the work. He identifies the nature of his suit as "marine contract" on the Civil Cover Sheet with "diversity" as the jurisdictional basis, whereas the court construes his action as a federal question matter, not a diversity action, because of the admiralty nature of his claims.

Erickson has not paid the $350 civil filing fee required to commence this action, but rather has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). A court may authorize the commencement of a suit without prepayment of fees

if the plaintiff submits an affidavit, including a statement of all his assets, showing that he is unable to pay filing fees. 28 U.S.C. § 1915(a). Plaintiff has submitted an affidavit which substantiates he lacks the financial resources to pay filing fees.

Any complaint filed pursuant to the IFP provisions of 28 U.S.C. § 1915(a) is subject to a mandatory *sua sponte* review and dismissal by the court, if it finds the Complaint is "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Calhoun v. Stahl, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners"). The court has conducted its initial review of Erickson's Complaint and finds it survives the initial screening provisions of § 1915(e)(2).

Accordingly, the court hereby **GRANTS** Erickson's Motion to Proceed *In Forma Pauperis* and **ORDERS** as follows:

1. The United States Marshal shall serve a copy of the Complaint, Summons, and this Order granting Plaintiff leave to proceed IFP on Defendants as directed by plaintiff on U.S. Marshal Form 285. All costs of service shall be advanced by the United States.

2. Plaintiff shall serve on defendants or, if appearance has been entered by counsel, on defendant's counsel, a copy of every further pleading or other document submitted for consideration of the court in this action. Plaintiff shall include with the original paper to be filed with the Clerk of the Court a certificate stating the manner in which a true and correct copy of any document was served on the defendants or counsel of defendants and the date of service. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a Certificate of Service will be disregarded.

**IT IS SO ORDERED**.

DATED: December 5, 2007

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge