Kenneth Lee Erickson
2804 Cañon St.
San Diego, Ca. 92106
erickskl@yahoo.com
619 756-4424
Pro Se.



**Kenneth Lee Erickson**
erickskl@yahoo.com

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA, ADMIRALTY

| | |
|---|---|
| KENNETH LEE ERICKSON<br><br>      Plaintiff,<br><br>  vs.<br><br>CF 6290 TJ a barge, Stanley J Kott an<br>individual and dba Kott Construction,<br>and Does 1 through 10;<br><br>     Defendants | Case No.: 07cv2266-LAB (CAB)<br><br>Memorandum of Points and Authorities<br><br><br>Judge: Magistrate CATHY ANN BENCIVENGO<br>Court: Room 1131<br>Address: 940 Front St, San Diego, CA.<br>Time:<br>Date: May 16, 2008 |

1.   **The Court is authorized by the Supplemental Rules For Certain Admiralty and Maritime Claims to arrest the vessel for a maritime tort lien.**

**Supplemental Rule C states in pertinent part:**

    **(3) JUDICIAL AUTHORIZATION AND PROCESS.**
    (a) Arrest Warrant.

        (ii)(A) . . . [t]he court must review the complaint
           and any supporting papers. If the conditions for an
           in rem action appear to exist, the court must issue an
           order directing the clerk to issue a warrant for the arrest
           of the vessel or other property that is the subject of the
           action.

Case No.: CV 07-2266

Memorandum of Points and Authorities

**2. Maritime Tort Claim Security**

The vessel, CF 6290 TJ is the security in a maritime tort claim in the above-entitled case.

**3. Vessel Use**

In previous contacts with James Hansen co-owner of Hansen Dock and Mooring Service, LLC. and their attorney at law Roger Haskell ESQ., they have maintained that the purpose for which the vessel, CF 6290 TJ, was purchased by the above corporation, was for their business of installing piling. And, Plaintiff would argue he made a good "faith effort" to allow the allegedly innocent purchasers of the vessel CF 6290 TJ to conduct their business unimpeded by arrest during the pendency of this action.

**4. Vessel is For Sale**

The defendant vessel, CF 6290 TJ, is owned by the Hansen Dock and Mooring Service, LLC.   This corporation has advertised the vessel on the World Wide Web, at http://barges.apolloduck.com/display.phtml?aid=81342 for sale, and for the sum of $119,000.00 finished, or "as is" for the sum of $109,000.00. Yet, nowhere on the on the web page advertisement is there a statement that the vessel, CF 6290 TJ, is a defendant in a maritime tort claim.

**5. Time Line**

The date of the filing of Plaintiff's marine tort claim is November 30, 2007. The date of the initiation of the above advertisement is March 27, 2008.  The date of the agreement not arrest the vessel in exchange for a promise not to move the vessel CF 6290 TJ from San Diego is **April 4, 2008.**  The date of the "PRICE NOW (Apr. 15/08), AS IS - $109,000.00" is **April 15, 2008** (see attached

1    copy of the web page).  Plaintiff would argue that James Hansen of Hansen

2    Dock and Mooring Service, LLC. is actively motivated to sell the vessel, move

3    the vessel somewhere else, and that this expressed motivation occurred 10

4    days after his attorney promised not to move the vessel from San Diego.

5    **6. Title Too Portable**

6    The vessel CF 6290 TJ is a <u>Non-Documented Vessel</u>.  The vessel has a "pink-

7    slip" title issued by the State of California.  <u>Documented Vessels</u> receive

8    their title from the U.S. Government.  Where a maritime tort lien is claimed

9    against a <u>Documented Vessel</u>, one option available to preserve the plaintiff's

10   maritime tort lien is to file a notice of the lien with the U.S. Coast Guard

11   National Vessel Documentation Center.   This option is not available to <u>Non-</u>

12   <u>Documented Vessels</u> (it would not stop transfer of title).  Here, Plaintiff

13   would argue that with a California "pink-slip" the defendant vessel could be

14   taken to Mexico in less than a day and "re-flagged" in a foreign country.

15   Plaintiff would therein lose his security.

16

17   **7. Vessel Too Portable**

18   The above mentioned web advertisement states:  "[the] Vessel is composed of

19   eight sections and highway transportable to your location."  Plaintiff would

20   argue that this provides a quick, alternative way to dispose of Plaintiff's

21   security.

22

23   **8. Regular email Account**

24   James Hansen has an email account of <u>nahj9@yahoo.com</u>, which has regularly

25   been used and described as belonging to and for communication with Hansen

Dock and Mooring Service, LLC; and to and for communication with James Hansen.

### 9. Special email Account

The web page advertisement for the vessel CF 6290 TJ displays a different email account of sddockandmooring@att.net to and for communication with Jim Hansen; and, to and for "HANSEN DOCK & MOORING." Plaintiff would argue that this second and different email account is used to obscure the activity of selling the vessel CF 6290 TJ (a "Goggle" vanity search for nahj9@yahoo.com would not reveal this email account).

### 10. Money will disappear

Plaintiff would argue that if the Hansen Dock and Mooring Service, LLC. is allowed to sell the vessel CF 6290 TJ, the money from the vessel sale will disappear.

### 11. Corporation will disappear

Plaintiff would argue that the Limited Liability Corporation, Hansen Dock and Mooring Service, LLC. has no other assets and would collapse and disappear after the sale of CF 6290 TJ.

### 12. Defendants Hide Web Page From Plaintiff.

No documents were forthcoming during, or after, or at all for the INITIAL DISCLOSURE. The Plaintiff has made numerous requests to James Hansen, the Hansen Dock and Mooring Service, LLC. and their attorney Roger Haskell ESQ. for information, inter-alia of names of the owners of the above corporation, the names on the "pink-slip" of the vessel CF 6290 TJ, the date of transfer, the name and professional contractors license which this business will be

1  conducted under and other document that should have been voluntarily

2  disclosed in the "Initial Discovery." Additionally, the plaintiff, Kenneth

3  Lee Erickson sent attorney Roger Haskell a "Notice of Preservation" (Exhibit

4  B)which inter-alia discussed preservation of electronic media and documents.

5  But, all to no avail. No documents were produced. And, these documents would

6  have included electronic documents. This would have included the above

7  described web page documents.

8

**13. Preservation of the Security**

9

Plaintiff would argue there is no legitimate business being conducted by

10 Hansen Dock and Mooring Service, LLC. And, Plaintiff would argue that James

11 Hansen and Hansen Dock and Mooring Service, LLC. are trying to sell the

12 above-described security out from under the plaintiff, thereby vitiating

13 Plaintiff's maritime tort lien. Plaintiff would argue that arrest of the

14 vessel CF 6290 TJ at this point, is the only sure way to preserve Plaintiff's

15 security in the maritime tort claim.

16 Respectfully Submitted

17

18 Kenneth Lee Erickson
   5/16/2008

19

20

21

22

23

24

25

Case No.: CV 07-2266

Memorandum of Points and Authorities

Exhibit B

Dear Roger Haskell Esq.

## NOTICE OF PRESERVATION

As critical evidence in this matter exists in the form of electronic data contained in the computer systems of Hansen Dock and Mooring Service LLC, this is a notice and demand that such evidence identified below in paragraphs 2 through 6 must be immediately preserved and retained by Hansen Dock and Mooring Service LLC, until further written notice from the undersigned. This request is essential, as a paper printout of text contained in a computer file does not completely reflect all information contained within the electronic file.

Additionally, the continued operation of the computer systems identified herein will likely result in the destruction of relevant evidence due to the fact that electronic evidence can be easily altered, deleted or otherwise modified. The failure to preserve and retain the electronic data outlined in this notice constitutes spoliation of evidence and will subject Hansen Dock and Mooring Service LLC, to legal claims for damages and/or evidentiary and monetary sanctions.

1. For purposes of this notice, "Electronic Data" shall include, but not be limited to, all text files (including word processing documents), spread sheets, e-mail files and information concerning e-mail (including logs of e-mail history and usage, header information and "deleted" files), internet history files and preferences, graphical image format ("GIF") files, metadata, "embedded data" data bases, calendar and scheduling information, computer system activity logs, and all file fragments and backup files containing Electronic Data.

2. Please ask your clients The Hansen Dock and Mooring Service, LLC. And their employees, agents, computer users, owners and partners to preserve and retain all Electronic Data generated or received by Brett Jones, Sarah McElroy, Steve Hansen, James Hansen, Hansen Dock and Mooring Service, Inc., William Baronas, Roger Haskell Esq., Kenneth Lee Erickson, Stanley J. Kott, and a man known as J.R.

3. Please preserve and retain all Electronic Data containing any information about any subject relevant to the above entitled case.

4. The Hansen Dock and Mooring Service, LLC must refrain from operating (or removing or altering fixed or external drives and media attached thereto) standalone personal computers, network workstations, notebook and/or laptop computers operated by its computer operators, owners, agents, employees, or partners.

5. The Hansen Dock and Mooring Service, LLC must retain and preserve all backup tapes or other storage media, whether on-line or off-line, and refrain from overwriting or deleting information contained thereon, which may contain Electronic Data identified in paragraphs 2 through 4.

6. In order to alleviate any burden upon The Hansen Dock and Mooring Service, LLC, the undersigned is prepared to enlist the services of a computer forensic expert to properly and non-invasively create back-up images all drives and media in the custody and control of The Hansen Dock and Mooring Service, LLC that may contain Electronic Data relevant to this matter. This can be accomplished through a stipulation setting forth a similar procedural framework outlined by the Court in Simon Property Group v. mySimon, Inc. 94 F.R.D. 639 (SD Ind. 2000), to ensure retention of all privileges while properly preserving and processing computer evidence as mandated by the court in Gates Rubber Co. v. Bando Chemical Indus., Ltd 167 F.R.D. 90, 112 (D.Col., 1996).

Please contact me if you have any questions regarding this request.

Sincerely,

Kenneth Lee Erickson
5/4/2008