Kenneth Lee Erickson
2804 Cañon St.
San Diego, Ca. 92106
erickskl@yahoo.com
619 756-4424
Pro Se.



# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA, ADMIRALTY

| | |
|---|---|
| KENNETH LEE ERICKSON<br><br>    Plaintiff,<br><br>    vs.<br><br>CF 6290 TJ a barge, Stanley J Kott an individual and dba Kott Construction, and Does 1 through 10;<br><br>    Defendants | Case No.: 07cv2266-LAB (CAB)<br><br>Memorandum of Points and Authorities<br><br>Judge: Magistrate CATHY ANN BENCIVENGO<br>Court: Room 1131<br>Address: 940 Front St, San Diego, CA.<br>Time:<br>Date: |

1. the Court has the authority to Compel Disclosure or Discovery pursuant to FRCP Rule 37, which states in pertinent part:

**Failure to Make Disclosure or Cooperate in Discovery; Sanctions**

(a) **MOTION FOR ORDER COMPELLING DISCLOSURE OR DISCOVERY.**
A party, upon reasonable notice to other parties and all persons affected thereby, may apply for an order compelling disclosure or discovery as follows:

(1) **Appropriate Court.**
An application for an order to a party shall be made to the court in which the action is pending. An application for an order to a person who is not a party shall be made to the court in the district where the discovery is being, or is to be, taken.

OK PER
CAB CHAMBERS

Case No.: CV 07-2266
Memorandum of Points and Authorities

**(2) Motion.**
(A) If a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the party not making the disclosure in an effort to secure the disclosure without court action.

**Local Rules of the Southern District Court**

**Conference Required.** The court shall entertain no motion pursuant to Rules 26 through 37, Fed. R. Civ. P., unless counsel shall have previously met and conferred concerning all disputed issues. If counsel for the moving party seeks to arrange such a conference and counsel for the party against whom the motion shall be made willfully refuses or fails to meet and confer, the judge (in absence of a prior order dispensing good cause with such a meeting) may order a payment of reasonable expenses, including attorney's fees, pursuant to Rule 37, Fed. R. Civ. P. and Civil Local Rule 83.1. If counsels[s] have offices in the same county, they are to meet in person. If counsel have offices in different counties, they are to confer by telephone. Under no circumstances may the parties satisfy the meet and confer requirement by exchanging written correspondence.

**Local Rules Not Enough Sanctions**

Here the Plaintiff would argue that the defendant CF 6290 TJ and her attorney at law, Roger Haskell Esq. and the defendant Stanley J. Kott have used almost any reason to refuse, deny, and continue to refuse to discuss, meet and confer and provide the required "Initial Discovery." (See Plaintiff's Declaration). Plaintiff is not an attorney. Plaintiff represents himself Pro. Se. in his claims for unpaid wages and penalties. Plaintiff would argue that the above-described defendants are using the Local Rules to vitiate the "Initial Disclosure" process, as there are virtually no money sanctions for their repeated failure to make an "Initial Disclosure."

Case No.: CV 07-2266
Memorandum of Points and Authorities

**Is "Initial Discovery" Premature?**

Where the Defendant CF 6290 TJ through her attorney Roger Haskell Esq. might argue that "Initial Discovery" is premature because his client has not even filed an answer or proposed answer. Plaintiff would argue that the Defendants attorney Roger Haskell Esq. was included in the Discovery Plans and Joint Status Report and in all previous and subsequent discussions with the Court and therein assumed the responsibility to communicate such "Initial Disclosure" as required pursuant to FRCP Rule 26(a)(1)(A-D).

**Legislative Intent**

Plaintiff would further argue that the recent legislative amendment to FRCP Rule 26 et. seq. was to streamline the Federal Court process. To allow the Defendant now to opt out of the "Initial Disclosure" process for lack of an answer or a proposed answer, would wrongfully obstruct, and frustrate the process. The defendant CF 6290 TJ and her attorney at law, Roger Haskell Esq., were, and have been, a part of the process in all other ways.

**Cost Not a Bar to "Initial Disclosure"**

Plaintiff would further argue that "Initial Disclosure" is not an expensive proposition. Plaintiff would argue that the "Initial Disclosure" is all information that is within the knowledge to of the defendant Stanley J. Kott and the defendant CF 6290 TJ and her owners the "Hansen Dock and Service, LLC. and it's corporate owners et. al.

**Unfair Advantage**

Plaintiff would argue that failure to provide "Initial Disclosure" pursuant to FRCP Rule 26(a)(1)(A-D gives the failing parties an inter alia an unfair

Case No.: CV 07-2266
Memorandum of Points and Authorities

3

1  advantage.  Plaintiff would further argue that "Fair is Fair."  Plaintiff,
2  pursuant to FRCP Rule 26(a)(1)(A-D), timely made his "Initial Disclosure" and
3  thereafter, amended his Initial Disclosures" as other information surfaced or
   as the defendant, parties posed other questions of Plaintiff's "Initial
4  Disclosure."

6  Respectfully Submitted:

7  *[signature: Kenneth Lee Erickson]*

   Kenneth Lee Erickson                           5/21/2008
8
9  /s/ *Kenneth Lee Erickson*

---

Case No.: CV 07-2266
Memorandum of Points and Authorities

4