1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT

11

## SOUTHERN DISTRICT OF CALIFORNIA

12

13 | KENNETH LEE ERICKSON,

CASE NO. 07CV2266-LAB (CAB)

14 |                             Plaintiff,

**ORDER GRANTING IN PART AND
DENYING IN PART PLAINTIFF
AND COUNTER-DEFENDANT
ERICKSON'S MOTION TO
STRIKE**

15 |     vs.

16

17 | M/V CF 6290 TJ, a barge; STANLEY J.
KOTT, an individual dba KOTT
CONSTRUCTION, and DOES 1 through
18 | 10,

[Dkt No. 18]

19 |                         Defendants.

20 | —————————————————————

21 | STANLEY J. KOTT,

22 |                     Counter-Claimant,

23 |     vs.

24 | KENNETH LEE ERICKSON,

25 |                     Counter-Defendant.

26        Plaintiff Kenneth Lee Erickson ("Erickson") is proceeding *pro se* with an action against

27 named defendants the M/V CF 6290 TJ, a barge ("the Barge") *in rem* , and Stanley J. Kott,

28 individually doing business as Kott Construction" ("Kott"), to recover wages under state and

1  federal seaman statutes. Erickson has filed a Motion To Strike portions of Kott's Answer and

2  verified Cross-Complaint filed February 25, 2008, pursuant to FED.R.CIV.P. ("Rule") 12(f) .

3  Dkt No. 7.  Rule12(f) provides, in pertinent part: "The court may strike from a pleading any

4  insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" by

5  acting on its own or "on motion made by a party before. . . responding to the pleading. . . ."[1]

6  Rule 12(f)(2).  The grounds for a motion to strike must appear from the face of the pleading

7  under attack or from matters which the court may judicially notice.  *See* SEC v. Sands, 902

8  F.Supp. 1149, 1165 (C.D.Cal. 1995).  The court must view the pleading under attack in the

9  light favorable to the pleader.  Lazar v. Trans Union LLC, 195 FRD 665, 669 (C.D.Cal. 2000).

10    Kott is also proceeding *pro se* in defending this action, as is permitted individual

11  litigants sued in federal court.  The docket identifies Roger Leslie Haskell, Esq. as counsel

12  for the Barge, and Erickson represents: "Although, the party CF 6290 TJ has not filed an

13  answer in the instant suit, I have received assurances that one will be proposed and filed,

14  [and I] have included attorney Roger L. Haskell in the ENE and Rule 26 Discovery as a

15  courtesy." Erickson Decl. p. 1.  In that regard, Erickson represents his Rule 12(f) Motion To

16  Strike is a "move in part to allow the  [Barge's] attorney to interpose an answer for CF 6290

17  TJ" (Erickson Decl. p. 1), construing Kott's Answer and Counterclaim as Kott's "unauthorized

18  practice of law," and speculating Kott "might argue that while he was the owner [of] this

19  vessel at the time that the above-mentioned dispute occurred, he was situated to represent

20  the vessel in this lawsuit," whereas he is not an attorney and is therefore prohibited from

21  representing another party (Mot. P&A pp. 1-4).  It is not the province of any party to attempt

22  to manipulate the normal course of party appearances through "moves" calculated "to

23  permit" another party to accomplish some purpose solely within the province of the court to

24  authorize, upon a proper request of the affected party.

25

26    [1]  Technically, Rule 12(f) motions to strike must be filed before the moving party responds
to the challenged pleading when a response is required, such as to a Counterclaim. Rule 12(f)(2).
27  Erickson filed his required Answer to Kott's Counterclaim on March 18, 2008. Dkt No. 9.  He did not
file his Motion to Strike until May 16, 2008. Dkt No. 18. However, as the outcome of the Motion does
28  not materially affect Kott's pleading other than in a way required as a matter of law, the court
addresses the merits of the Motion notwithstanding the timing problem.

1        The deadline to oppose Erickson's Motion passed on June 9, 2008, with no response

2  from any defendant.  Accordingly, no Reply filing is appropriate.  Failure to oppose a motion

3  may be construed as consent to the granting of a motion or other request for a ruling by the

4  court.  Civ. L. R. 7.1(f)(3)(c).  However, the court has considered the *pro se* status of the

5  individual named defendant as well as the imperfect legal positions advanced by this *pro se*

6  plaintiff and elects to address the Motion on its merits for purposes of clarifying the case

7  status, among other things.  Pursuant to Civil Local Rule 7.1(d)(1), the court finds the issues

8  presented appropriate for decision on the papers and without oral argument.  For the

9  reasons discussed below, the Motion is **GRANTED IN PART** and **DENIED IN PART**.

10        Erickson's Motion asks the court to strike references to the Barge in Kott's Answer

11  where he purports to respond to the Complaint on behalf of both the Barge and himself.

12  Mot. P&A 5:7-12.  The court **GRANTS** Erickson's request to strike to that extent only.  The

13  docket reflects attorney Roger Leslie Haskell has been identified as counsel for the Barge,

14  the only other defendant Erickson has named in this action.   As of the date of this Order,

15  the docket does not reflect Barge has  formally responded to the Complaint through that

16  counsel or any other qualified representative. However, the court declines to parse Kott's

17  Answer and Cross-Complaint to identify by page and line any phrases to be stricken on the

18  basis Kott is not qualified to plead on behalf of the Barge.  Instead, the court will simply

19  disregard Kott's responses or allegations on behalf of any party other than himself.

20        The Motion also asks the court to strike Kott's Counterclaim as "vague, uncertain, and

21  conclusory," contending he "cannot reasonably defend against the pleading which, among

22  other things, lacks sufficiency as to elements for the counter-defendant to be appraised [*sic*]

23  of a tort."[2]  Mot. P&A 5:14-17.  The court **DENIES** that relief.  Rule 12(f) motions generally

24  are not the proper vehicle to attempt to dispose of entire pleadings.  Moreover, on its fact the

25  Counterclaim amply alerts Erickson to Kott's claims.  Challenges to the legal sufficiency of

26  the pleading of causes of action more properly proceed under Rule 12(b)(6) for failure to

27

28          [2]   All parties are hereby instructed to correct the caption in his action to reflect existence of
and parties named in Kott's Counterclaim, pursuant to the Civil Local Rules of this district.

07CV2266

1  state a claim, or Rule 12(e) for more definite statement.  Erickson has not attempted a

2  showing under the standards applicable to either of those grounds for relief.

3      Erickson's Motion  further challenges the propriety of the remedy Kott seeks in the

4  First Cause Of Action, alleging lack of privity of contract with the corporation that may now

5  own the Barge and because, as a non-attorney, Kott may not represent a corporation.  While

6  the latter contention is true, no corporate entity is presently a named party to this action,

7  either as in the Complaint or in the Counterclaim.  The court **DENIES** the Motion, as

8  insufficient information is before the court at this early stage in the action to pretend to sort

9  out the proper parties to this litigation or their actual relationships.

10     Finally, the Rule12(f) Motion asks the court strike portions of eight statements pled

11  in Kott's Counterclaim as constituting "redundant, immaterial, impertinent, or scandalous

12  matter."   Mot. P&A pp. 6-8.  The challenges go to Kott's characterizations of Erickson

13  personally, his lawsuit, and his allegations in the phrasing of the Answer and Counterclaim.

14  these include allegations:  Erickson is not the "victim" he asserts himself to be in his

15  Complaint, but rather an "extortionist" and "predator;" Erickson filed a "fraudulent and

16  malicious lawsuit;" Erickson advanced allegations "totally fabricated, malicious, and

17  frivolous;" Erickson is purportedly engaged in "fraudulent attempts to collect more money

18  that he was never owed;" Erickson actually owes Kott money and has caused Kott "severe

19  harm with this malicious lawsuit;" Erickson is "not entitled to anything" through this

20  "attempted extortion" and lawsuit "charade;" and Kott's references in two Counterclaim

21  paragraphs to multiple lawsuits Erickson has purportedly filed over the course of several

22  years, in support of his characterization Erickson is a vexatious litigant.  The court notes in

23  passing it may properly take judicial notice of the records of other courts' formal proceedings

24  as adjudicative facts (FED.R.EVID. 201(b)), but need not and does not do so here.

25     Pleadings are not evidence, and judicial policy favors resolution of disputes on the

26  merits. Rennie & Laughlin, INc. v. Crysler Corp., 242 F.2d 208, 213 (9th Cir. 1957) ("a case

27  should be tried on the proofs rather than the pleadings").  Before the court will strike matters

28  asserted to be "irrelevant," the court must find "it is clear that the matter to be stricken could

1  have no possible bearing on the subject matter of the litigation." LeDuc v. Kentucky Central

2  Life Ins. Co., 814 F.Supp. 820, 830 (N.D.Cal. 1992). This is not a finding the court can make

3  at this time with respect to the matters challenged in Erickson's Motion.   To qualify as

4  "redundant" matters, the allegations must be entirely foreign to the issues involved or

5  constitute needless repetition of allegations, another finding the court cannot make at this

6  time from the face of the pleadings.  "Immaterial" matters are those having no bearing on the

7  controversy before the court, with any doubts regarding whether the allegations might be an

8  issue in the action resolved by denying the motion to strike.  See Omni Home Financing, Inc.

9  v. Hartford Life and Annuity Ins. Co., 208 WL 1925248, *8 (S.D.Cal. Apr. 29, 2008).  The

10  court resolves its actual doubts about the accuracy of such a finding by rejecting this basis

11  for granting Erickson's Motion.  "Impertinent" matter includes allegations that are not

12  responsive or relevant to issues presented by the litigation and which could not be admitted

13  as evidence in the action.   Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th cir. 1993),

14  rev'd on other grounds 510 U.S. 517 (1994).   The court cannot so find at this time.

15       Finally, "scandalous" allegations have been defined as those that cast a "cruelly"

16  derogatory light on a party or other person.  See, e.g., Talbot v. Robert Matthews Distributing

17  Co., 961 F.2d 654, 665 (7th Cir. 1992) (allegations or implications that a milk distributor

18  intentionally caused an outbreak of salmonella in order to consummate a fraudulent scheme

19  against route drivers  qualified as subject to strike as "scandalous").  The court finds no such

20  degree of cruel disparagement in the admittedly forceful characterizations from an obviously

21  frustrated defendant adamant in his denials of the wrongdoing Erickson alleged in his

22  Complaint.  Kott is plainly convinced Erickson has distorted the true facts of the underlying

23  conduct and believes he can prove it, as evidenced by Kott's verification of his Counterclaim

24  pleading.  The matters Erickson seeks to strike are Kott's pro se statements of his version

25  of background or historical matter of a factual nature all subject to proof as the evidentiary

26  record emerges in this action.  The court **DENIES** the Motion to strike the challenged

27  Counterclaim allegations and Complaint defenses on that ground.

28  \\

1    For all the foregoing reasons, **IT IS HEREBY ORDERED** Erickson's unopposed

2 Motion is **GRANTED IN PART** and **DENIED IN PART**.  The Motion hearing presently

3 scheduled for June 23, 2008 is accordingly *off-calender* as moot.

4    **IT IS SO ORDERED**.

5 DATED:  June 20, 2008

6

7    **HONORABLE LARRY ALAN BURNS**
     United States District Judge
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28