# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH LEE ERICKSON,<br><br>　　　　　　　　　　Plaintiff,<br>　vs.<br><br>M/V CF 6290 TJ, a barge; STANLEY J. KOTT, an individual dba KOTT CONSTRUCTION, and DOES 1 through 10,<br><br>　　　　　　　　　　Defendants.<br>_____<br>STANLEY J. KOTT,<br><br>　　　　　　　　　　Counter-Claimant,<br>　vs.<br>KENNETH LEE ERICKSON,<br><br>　　　　　　　　　　Counter-Defendant. | CASE NO. 07cv2266-LAB (CAB)<br><br>**ORDER DENYING MOTION TO DISMISS FOR LACK OF PROPER SERVICE OF PROCESS**<br><br>[DOC. NO. 41] |

　　　　Defendant M/V CF 6290 TJ, a barge (hereinafter "defendant barge") has filed a Motion to Dismiss for Lack of Proper Service of Process [doc. no. 41], asserting that Plaintiff did not properly effect service of process because although Plaintiff is proceeding in this action in forma pauperis, service was not made by a United States Marshal. On December 1, 2008, Plaintiff filed an Opposition [doc. no. 43] in which he claims that service was proper because Federal Rule of Civil Procedure 4(c)(3) permits, but does not require, service to be

made by the U.S. Marshal. To date, the defendant barge has not filed a reply. The Court found this motion to be suitable for decision without oral argument pursuant to Civil Local Rule 7.1(d)(1). [Doc. No. 47.] For the reasons set forth below, Defendant's Motion is DENIED.

## I. Background

The Complaint in this action was filed on November 30, 2007. [Doc. No. 1.] Plaintiff asserts that Defendant Stanley Kott is the owner of the defendant barge, an ocean-going construction vessel. Erickson alleges Kott failed to pay him wages owed for his work on the barge and as a diver in June 2007. He claims damages under the Seaman's Wage Act and the Long Shore and Harbor Workers Act.

Plaintiff filed a Motion to Proceed In Forma Pauperis, which was granted by the Court on December 5, 2007. [Doc. Nos. 2, 3.] The Court's Order provided the following:

> The United States Marshal shall serve a copy of the Complaint, Summons, and this Order granting Plaintiff leave to proceed IFP on Defendants as directed by plaintiff on U.S. Marshal Form 285. All costs of service shall be advanced by the United States.

(Order Granting IFP at 2.)

A summons was issued on December 6, 2007. On May 22, 2008, Plaintiff filed a Return of Service, which indicated that the summons and complaint were served on defendant barge by leaving copies with a person by the name of Steve Hansen on December 6, 2007. [See Doc. No. 27.] The summons and complaint were served by George Robinson, who is not a U.S. Marshal or an authorized process server. (See Haskell Decl. Supp. Mot. to Dismiss.)

## II. Discussion

Each defendant must be properly served with the summons and complaint, or waive service of process, in order for the Court to exercise jurisdiction over them. S.E.C. v. Ross, 504 F.3d 1130, 1138-39 (9th Cir. 2007) (citations omitted). Federal Rule of Civil Procedure 4(c) provides that the plaintiff is responsible for having the summons and complaint served on each defendant. Fed. R. Civ. P. 4(c)(1). "Any person who is at least 18 years old and

not a party may serve a summons and complaint." Fed. R. Civ. P. 4(c)(2). Further, the rule provides that the Court may appoint someone to effect service of process for the plaintiff: "At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915 . . . ." Fed. R. Civ. P. 4(c)(3).

A plaintiff who is granted permission by the court to proceed in forma pauperis is entitled to have service of process made by the United States Marshal. 28 U.S.C. § 1915(d). Accordingly, the Court's Order Granting Motion to Proceed In Forma Pauperis directed Plaintiff to provide a completed U.S. Marshal Form 285 to the marshal service so that service of process could be effected. Nevertheless, "[a]n IFP plaintiff must request that the marshal serve his complaint before the marshal will be responsible for such service." Boudette v. Barnette, 923 F.2d 754, 757 (9th Cir. 1991). If the plaintiff does not request that the marshal serve the summons and complaint by properly completing and submitting a Form 285, then the plaintiff remains responsible for timely service. Id.

Defendant's argument is without merit, because although Plaintiff was entitled to have service of process made by the U.S. Marshal, he was not required to do so. In the absence of service by the marshal, Plaintiff retained the responsibility of ensuring the summons and complaint were properly served. The proof of service filed by Erickson reflects that the defendant barge was served on December 6, 2007, and the defendant has not pointed to any deficiencies that would make service improper.

### III. Conclusion

For these reasons, Defendant's Motion to Dismiss for Lack of Proper Service of Process is hereby DENIED.

**IT IS SO ORDERED**.

DATED: December 12, 2008

*[signature: Larry A. Burns]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge